UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Benesha McCall, *on behalf of J.W., a minor*, | Civ. No. 25-419 (JWB/DLM) |
| Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Jonathan Mathisen, *acting in his individual capacity as an Anoka County Sheriff's Deputy*, | |
| Defendant. | |

---

United States Magistrate Judge Douglas L. Micko issued a Report and Recommendation ("R&R") on November 4, 2025, recommending to dismiss this case and deny Plaintiff Benesha McCall's previously pending motions. (Doc. No. 96.) At the end of November, McCall filed three motions: a motion for an extension of time to object to the R&R (Doc. No. 97); a motion to reopen the case (Doc. No. 98); and a motion to vacate any order adopting the R&R (Doc. No. 99).

In the motions, McCall indicates that she was served with the R&R approximately one week after it was issued. (*See* Doc. No. 97 at 5.) McCall correctly recognizes that the two-week objection period runs from the date of service, not the date that the R&R was issued. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b). However, she incorrectly characterizes the case as being closed and the R&R as having already been accepted. Regardless, McCall requests 21 days from any order granting her extension request to object to the R&R.

Without objections, an R&R is reviewed for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). With objections, an R&R is reviewed de novo. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). Applying either standard of review, the R&R is accepted here.

As correctly noted in the R&R, caselaw dictates that McCall is not allowed to litigate pro se on her minor child's behalf as a non-attorney parent. (Doc. No. 96 at 5–6.) In her recent motions, McCall attempts to distinguish between objecting on the merits of her child's claims and objecting to preserve her own rights as a plaintiff. But McCall has not asserted any claim of her own in this litigation. She has only ever asserted claims for her minor child—even in her Original Complaint—which she has been told she may not do without counsel. For that reason, her arguments for extending the objection period, reopening the case, and vacating any order accepting the R&R all fail. To pursue the claims asserted on her child's behalf in this matter, McCall must have counsel.

McCall was given ample time to find a lawyer after her volunteer attorneys withdrew on September 17, 2025, and she has not done so. As a result, and as the R&R explains, her prior motions cannot be considered, the case can no longer proceed, and dismissal is warranted. However, the dismissal is without prejudice, so her child's claims may be re-filed in a new lawsuit if McCall finds counsel. If she wishes to pursue claims of her own, she may attempt to do so by filing a complaint in a new action.

## ORDER

Based on the R&R of the Magistrate Judge, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Plaintiff Benesha McCall's motion for extension (Doc. No. 97), motion to reopen (Doc. No. 98), and motion to vacate (Doc. No. 99) are **DENIED**.

2. The November 4, 2025 Report and Recommendation (Doc. No. 96) is **ACCEPTED**.

3. Plaintiff's Request for Appointment of a Guardian ad Litem (Doc. No. 88) is **DENIED**.

4. Plaintiff's Motion to Strike Amended Pleading (Doc. No. 85) is **DENIED**.

5. Plaintiff's Motion to Strike and Rebut Defendant's "Amended Complaint"; Alternatively Motion to Dismiss Improper Counterclaims; Request for Protective Relief (Doc. No. 86) is **DENIED**.

6. This matter is **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 17(c).

7. Defendant Jonathan Mathisen's Motion to Dismiss (Doc. No. 61) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: December 15, 2025        *s/ Jerry W. Blackwell*
                               JERRY W. BLACKWELL
                               United States District Judge